### UNITED STATES of America
### v.
### Ian WOODNER, Defendant.

United States District Court
S. D. New York.
Nov. 28, 1960.

See also, 24 F.R.D. 33.

S. Hazard Gillespie, Jr., U. S. Atty., S. D. New York, New York City, for the United States; Sherman J. Saxl, Asst. U. S. Atty., New York City, of counsel.

Louis Bender, New York City, for defendant.

SUGARMAN, District Judge.

The United States of America moves "for an order under Rule 7(f) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. permitting the plaintiff [sic] to amend its original bills of particulars herein".

In support of its motion, the government shows *inter alia*, that the defendant has been indicted for attempted evasion of income taxes due and owing for the years 1950–1953 inclusive.

On July 17, 1957, the Grand Jury filed an indictment (C 153–225) charging that:

"1. On or about the 18th day of July, 1951, in the Southern District of New York, Ian Woodner, the defendant, did wilfully and knowingly attempt to defeat and evade a large part of the income tax due and owing by him to the United States of America for the calendar year 1950 by filing and causing to be filed with the Collector of Internal Revenue for the Third Internal Revenue Collection District of New York, in the Borough of Manhattan, City of New York, a false and fraudulent income tax return, wherein he stated that his net loss for said calendar year was the sum of $14,775.58 and that there was no tax due and owing thereon, whereas in truth and in fact, as he then and there well knew, his net income for the said calendar year was the sum of $46,117.60, upon which said net income he owed to the United States of America an income tax of $21,453.33. (Section 145(b),

Internal Revenue Code of 1939; Title 26, U.S.Code, Section 145(b)."

On September 12, 1958, the Grand Jury filed another indictment (C 156–333) charging in the first count that:

"On or about the 15th day of September, 1952, in the Southern District of New York, Ian Woodner, the defendant, did wilfully and knowingly attempt to evade and defeat a large part of the income tax due and owing by him to the United States of America for the calendar year 1951 by filing and causing to be filed with the Director of Internal Revenue, Upper Manhattan District, New York, New York, a false and fraudulent income tax return, wherein it was stated that he had incurred a net loss for the said calendar year in the sum of $23,314.65 and that there was no tax due and owing thereon, whereas in truth and in fact, as he then and there well knew, his net income for the said calendar year was the sum of $31,491.30, upon which said net income there was owing to the United States of America an income tax of $13,370.78. [Section 145(b), Internal Revenue Code of 1939; Title 26, United States Code, Section 145(b)]."

On July 11, 1958 and on December 5, 1958, the government filed bills of particulars relating to the charges contained in the indictments, in which it itemized unreported salary, capital gains, interest payments, rental income and constructive dividends allegedly received by defendant.

The bill of particulars addressed to indictment C 153–225 itemizes the unreported gross income as follows:

"1. For the calendar year 1950, the defendant had a gross income of $77,387.81, deductions of $31,270.21 and exemptions of $600.

"2. The gross income of the defendant for the calendar year 1950 was received from the following sources:

"Salary
   "Jonathan Woodner Co.   $30,000.00

"Constructive Dividends
   "Jonathan Woodner Co.
     "Payment to Detectives.  48,257.74
     "Refund of Filing Fee  9,720.00

"Fenwood Corporation
   "Rental Income    2,915.44

"Rental Income
   "Dwellings—Washington, D. C.
       and Darby, Pa.   666.07

"Loss on Partnership
   "Pinebrook Woods Co.  (14,171.44)"

resulting in the balance of $46,117.60 alleged in the indictment.

The bill of particulars addressed to the first count of indictment C 156–333 itemizes the unreported gross income as follows:

"1. For the calendar year 1951, the defendant had an adjusted gross income of $39,811.30, deductions of $8,320 and exemptions of $600.

"2. The adjusted gross income of the defendant for the calendar year 1951 was made up of the following items:

"Salary
   "Jonathan Woodner Co. ........ $30,000.00
"Sale of Capital Assets ........... 5,000.00
"Constructive Dividends
   "Jonathan Woodner Co.
     "Payments to Detectives ...... 47,065.50
"Income Arising From Interest
   "Payments of Chanute Gardens
   Corp. and Chanute Apartments
   Corp. ...................... 7,740.45
"Net Loss from Land and Dwellings
   Washington, D. C., Upper Darby,
   Pa. and Cincinnati, Ohio ....... ($49,994.65)

"Adjusted Gross Income ........ $39,811.30"

resulting in the balance of $31,491.30 alleged in that count of the indictment.

The government now seeks to increase the unreported income by including additional sources and amounts by amendment of its bills of particulars to sums 70% and 60% greater than the $46,-117.60 and $31,491.30 respectively.

The proposed amended bills would put the defendant on notice that the government was prepared to prove that the defendant had received constructive dividends during the years in question which had not been mentioned in the prior bills.

The defendant opposes the motion, essentially on the ground that by its bills of particulars and the proposed amended bills, the government seeks in effect to amend the indictments as found by the Grand Jury.

Preliminarily, it is noted that the instant motion is not specifically sanctioned by the rules and the government could have filed the amended bill *ad libitum*, subject to defendant's motion to strike. F.R.Crim.P. 7(f) provides in pertinent part:

"A bill of particulars may be amended at any time subject to such conditions as justice requires."

However, the motion will be deemed one which properly puts in issue the government's right to go to trial on the amended bill.

The defendant's position is not well taken.

As this court has held:[1]

"The substance of the indictment charges defendant with filing a return, false and fraudulent in that he knowingly understated his taxable income with intent thereby to evade a substantial part of his income tax. The filing of such a false return is the 'attempt' charged by the Grand Jury, not, as defendant claims, unreported sales, unreported commissions, or any other of defendant's financial transactions standing alone."

There is some authority for the proposition that if the indictment itself particularizes the source of unreported income, evidence of other unreported income may be received only to prove an intent to evade but not to prove the alleged failure to report.[2]

The instant indictments do not identify the source of unreported income nor do they state how the net income and tax were computed.

Accordingly, the court will not restrict the proof as defendant seeks to have it do.

Defendant's reliance on Stirone v. United States, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252, is misplaced. In Stirone, the defendant was convicted of a crime different from the crime for which he was indicted. This conviction, of course, could not stand.

Stirone would be analogous here, if the government sought to convict the defendant on proof that he attempted to evade his income taxes for years other than those set forth in the indictment. Such is not the case.

The amendment of the instant bills of particulars does not change the charges made by the Grand Jury; it simply delineates the proof which the government will use to sustain those charges.

The motion is granted. It is so ordered.

1. U. S. v. Isidore Wolrich, C 138–193, S.D.N.Y., May 25, 1954, Opinion No. 21138.

2. See Battjes v. United States, 6 Cir., 1949, 172 F.2d 1, 4.